IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEREMY LAMAR JOHNSON, Individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:17-cv-552-MHT-DAB ) |
| CITY OF MONTGOMERY, a municipality organized and existing under the laws of the State of Alabama, | ) ) ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff Jeremy Johnson filed a Complaint in this Court against Defendant City of Montgomery alleging a single claim that he and a class of others were denied their procedural due process rights provided under the Fourteenth Amendment and protected under 42 U.S.C. § 1983 for Defendant's failure to adhere to the requirements of § 13A-11-84, Ala. Code 1975. This matter comes before the Court on Defendant's motion to dismiss. (Doc. 7). The motion is fully briefed and taken under submission on the record and without oral argument.

**I.     JURISDICTION**

Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 as to Plaintiff's federal cause of action.  The parties do not contest personal jurisdiction or venue,

and there are adequate allegations to support both. *See* 28 U.S.C. § 1391. On September 5, 2017, this matter was referred to the undersigned by U.S. District Judge Myron H. Thompson for disposition or recommendation on all pretrial matters. (Doc. 6). *See also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

## II.   BACKGROUND AND STATEMENT OF FACTS[1]

On February 2, 2016, Plaintiff was arrested by a police officer employed by Defendant. (Doc. 1 at ¶ 6). Plaintiff was carrying a pistol in his vehicle without a valid permit for that pistol in violation of § 13A-11-73, Ala. Code 1975, which provides, in pertinent part:

> Except on land under his or her control or in his or her own abode or his or her own fixed place of business, no person shall carry a pistol in any vehicle or concealed on or about his or her person without a permit issued under Section 13A-11-75(a)(1) or recognized under Section 13A-11-85.

§ 13A-11-73. Pursuant to § 13A-11-84, the officer seized the pistol, and Plaintiff subsequently pleaded guilty to carrying a pistol without a valid permit. *Id*. at ¶¶ 7-8. Plaintiff sought the return of the pistol. *Id*. at ¶ 10. "Plaintiff requested that the Montgomery Municipal Court set a hearing, which it did on July 25, 2016. At the

---

[1] These are the facts for purposes of recommending a ruling on the pending motions to dismiss; they may not be the actual facts and are not based upon evidence in the court's record. They are gleaned exclusively from the allegations in the Complaint.

hearing, Defendant refused to return Plaintiff's pistol and gave no explanation as to why his pistol would not be returned." *Id.* "Upon information and belief, the City of Montgomery has failed to report the seizure and detention of Plaintiff's pistol to the Montgomery County District Attorney. As a result, the Montgomery County district attorney has not instituted forfeiture proceedings against Plaintiff in accordance with § 13A-1 1-84." *Id.* at ¶ 11.

Plaintiff filed his Complaint in this Court on August 14, 2017, seeking "declaratory and injunctive relief" against Defendant to comply with § 13A-11-84 and the return of the seized pistol or money damages. Defendants filed their motion to dismiss on September 7, 2017. (Doc. 7).

### III. MOTION TO DISMISS STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the Complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his

3

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. 558 (quoting 5 Wight & Miller § 1216, at 233-34 (quoting in turn *Daves v.*

*Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Haw. 1953)) (alteration original).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

### IV.   DISCUSSION

Section 13A-11-84(b), Ala. Code 1975, provides the process to be followed concerning the disposition of pistols seized pursuant to § 13A-11-73, which is the statute to which Plaintiff pleaded guilty.

> (b) It shall be the duty of any sheriff, policeman, or other peace officer of the State of Alabama, arresting any person charged with violating Sections 13A-11-71 through 13A-11-73, or any one or more of those sections, to seize the pistol or pistols in the possession or under the control of the person or persons charged with violating the section or sections, and to deliver the pistol or pistols to one of the following named persons: if a municipal officer makes the arrest, to the city clerk or custodian of stolen property of the municipality employing the arresting officer; if a county, state, or other peace officer makes the arrest, to the sheriff of the county in which the arrest is made. The person receiving the pistol or pistols from the arresting officer shall keep it in a safe place in as good condition as received until disposed of as hereinafter provided. Within five days after the final conviction of any person arrested for violating any of the above-numbered sections, the person receiving possession of the pistol or pistols, seized as

provided in this section, shall report the seizure and detention of the pistol or pistols to the district attorney within the county where the pistol or pistols are seized, giving a full description thereof, the number, make and model thereof, the name of the person in whose possession it was found when seized, the person making claim to same or any interest therein, if the name can be ascertained or is known, and the date of the seizure. Upon receipt of the report from the person receiving possession of the pistol or pistols, it shall be the duty of the district attorney within the county wherein the pistol or pistols were seized to forthwith file a complaint in the circuit court of the proper county, praying that the seized pistol or pistols be declared contraband, be forfeited to the state and be destroyed. Any person, firm or corporation or association of persons in whose possession the pistol or pistols may be seized or who claim to own the same or any interest therein shall be made a party defendant to the complaint, and thereupon the matter shall proceed and be determined in the circuit court of the proper county in the same form and manner, as near as may be, as in the forfeiture and destruction of gaming devices, except as otherwise provided. When any judgment of condemnation and forfeiture is made in any case filed under this section, the judge making the judgment shall direct the destruction of the pistol or pistols by the person receiving possession of the pistol or pistols from the arresting officer in the presence of the clerk or register of the court, unless the judge is of the opinion that the nondestruction thereof is necessary or proper in the ends of justice, in which event and upon recommendation of the district attorney, the judge shall award the pistol or pistols to the sheriff of the county or to the chief of police of the municipality to be used exclusively by the sheriff or the chief of police in the enforcement of law, and the sheriff of the county and the chiefs of police of the municipalities shall keep a permanent record of all pistols awarded to them as provided for in this section, to be accounted for as other public property, and the order, in the event that no appeal is taken within 15 days from the rendition thereof, shall be carried out and executed before the expiration of 20 days from the date of the judgment. The court may direct in the judgment that the costs of the proceedings be paid by the person in whose possession the pistol or pistols were found when seized, or by any party or parties who claim to

6

>own the pistol or pistols, or any interest therein, and who contested the condemnation and forfeiture thereof.

Section 13A-11-84(b).

Plaintiff's sole claim is based on the allegation that "Defendant's failure to adhere to the requirements of § 13A-11-84 deprives Plaintiffs of such interest without due process of law." (Doc. 1 at ¶ 28). The specific process that Plaintiff claims is due is for Defendant to "report the seizure and detention of Plaintiff's pistol to the Montgomery County District Attorney" so that "forfeiture proceedings against Plaintiff in accordance with § 13A-11-84" may be instituted. *Id.* at ¶ 11. As noted above, that process is purely ministerial in nature, *i.e.,* "[w]ithin five days after the final conviction of any person arrested for violating any of the above-numbered sections, the person receiving possession of the pistol or pistols, seized as provided in this section, shall report the seizure and detention of the pistol or pistols to the district attorney" and "the district attorney … file a complaint in the circuit court of the proper county, praying that the seized pistol or pistols be declared contraband, be forfeited to the state and be destroyed." § 13A-11-84(b).

The Eleventh Circuit has stated:

> Assuming a plaintiff has shown a deprivation of some right protected by the due process clause, we—when determining if a plaintiff has stated a valid procedural due process claim—look to whether the available state procedures were adequate to correct the alleged procedural deficiencies. *See McKinney,* 20 F.3d at 1563; *see also Bell v. City of Demopolis, Alabama,* 86 F.3d 191, 192 (11th

7

> Cir.1996); *Narey v. Dean,* 32 F.3d 1521, 1527–28 (11th Cir.1994). If adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process. *See McKinney,* 20 F.3d at 1565 ("The fact that [McKinney] failed to avail himself of the full procedures provided by state law ... does not constitute a sign of their inadequacy."); *Bell,* 86 F.3d at 192; *Narey,* 32 F.3d at 1528. And, to be adequate, the state procedure need not provide all the relief available under section 1983. *See McKinney,* 20 F.3d at 1564. Instead, the state procedure must be able to correct whatever deficiencies exist and to provide plaintiff with whatever process is due.

*Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000). That Court further reasoned:

> Because we believe that the writ of mandamus would be available under state law to Plaintiff, and because we believe that mandamus would be an adequate remedy to ensure that Plaintiff was not deprived of his due process rights, *see Jackson v. City of Columbus,* 194 F.3d 737, 751 (6th Cir.1999), *Collyer v. Darling,* 98 F.3d 211, 227 (6th Cir.1996), we conclude that Plaintiff has failed to show that inadequate state remedies were available to him to remedy any alleged procedural deprivations. Therefore, Plaintiff has failed to state a claim for a procedural due process violation…

*Cotton*, 216 F.3d at 1333. *See also East v. Clayton Cty., GA*, 436 F. App'x 904, 913 (11th Cir. 2011) ("First, even assuming, *arguendo,* that East had a clear right to a hearing and the defendants deprived East of procedural due process by failing to provide him with such a hearing, East had a state remedy available to address that deprivation."). In this case, Plaintiff failed to avail himself of the full procedures provided by state law, specifically, a writ of mandamus simply compelling

8

Defendant to report the seizure to the district attorney. Even construing the facts in the light most favorable to the Plaintiff, his allegations do not state a claim that he was denied due process. Accordingly, Defendant's motion to dismiss is due to be granted.

## V.     CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons as stated, it is respectfully **RECOMMENDED** that the Defendants' motion to dismiss be **GRANTED**.

It is **ORDERED** that the parties shall file any objections to this Recommendation on or before **March 2, 2018.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this the 16th day of February 2018.

/s/ David A. Baker
_____
David A. Baker
United States Magistrate Judge